BEATRICE HARRIS v. COAST CITIES RAILWAY COMPANY.

Decided July 26, 1926.

Negligence—Accident to Passenger of Trolley Car—Passenger Signaled to Leave Car—Plaintiff Claimed Car Came to Stop Then Started, Causing the Injury—Defendant Claimed Car Had Not Stopped, was Slowing Down and Plaintiff was Thrown Through Attempting to Alight While Car was in Motion—Judgment Found to Have Been Against Weight of Evidence.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Charles E. Cook.*

*Contra, Isaiah Matlack.*

PER CURIAM.

The plaintiff, a young woman, under the age of twenty-one, was employed as a helper in the hospital at Spring Lake. She boarded an open car of the defendant company to ride to this destination. Her claim was that just before the car reached the point where she wished to alight she signaled to the conductor, and that he brought the car to a stop; that after the car had stopped she stepped down upon the running-board, and that while she was there the car suddenly started up, throwing her to the ground. The defendant's case was that the car had not stopped, but was slowing down, when the accident occurred; that the plaintiff was standing on the running-board, and that she either attempted to step off or fell off while the car was still in motion. The jury rendered a verdict in favor of the plaintiff, awarding damages for the injuries which she received in the accident.

Our examination of the testimony sent up with this rule satisfies us that the finding of the jury that the accident occurred in the manner testified to by the plaintiff and her witnesses (which is a necessary implication to be drawn from this verdict) is against the great weight of the evidence.

For this reason the rule to show cause will be made absolute.